IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BRANDON D. BALL, )| |
| )| |
| Plaintiff, )| |
| )| |
| v. )| CIV. ACT. NO.  3:16cv878-WKW |
| )| |
| ROAR III, LLC, )| |
| *an Alabama Corporation*, )| |
| )| |
| Defendant. )| |

**RECOMMENDATION of the MAGISTRATE JUDGE**

On January 10, 2017, Defendant Roar III, LLC ("Defendant" or "Roar") filed a Motion to Dismiss.  Doc. 6.  In its Motion, Defendant cites no rule of civil procedure or affirmative defense under which it is proceeding, leaving both the court and Plaintiff to guess as to the legal basis under which Roar seeks dismissal of this case.  Plaintiff Brandon D. Ball ("Plaintiff") filed a Motion to Strike and for Default Judgment, arguing that the Motion to Dismiss was filed four days late and that Roar did not submit an answer.  Doc. 9.  In addition, Plaintiff filed a response to the Motion to Dismiss.  Doc. 10.  On February 20, Roar filed its replies to the Motions to Strike and for Default Judgment.  Doc. 15 & 16.

Now pending before the court is the Motion to Dismiss (doc. 6) and the Motion to Strike and for Default Judgment (doc. 9).  The court concludes that both Motions are due to be DENIED.

## DISCUSSION

### A. Motions to Strike and for Default Judgment

Plaintiff seeks to strike the Motion to Dismiss and moves for default judgment against Defendant on the basis that the Motion is untimely and that the claims are meritless. Doc. 9.

Plaintiff's motion for default fails to comply with the requirements of Fed.R.Civ.P. 55. Moreover, Defendant has demonstrated good cause for the delay. Roar's counsel asserts that his law office closed early due to weather and that he had computer difficulties when he attempted to file the pleading electronically without the assistance of his paralegal. Finally, Plaintiff has not shown or even alleged any prejudice resulting from Roar's two-day delay in filing the Motion to Dismiss. Thus, the Motion for Default Judgment is due to be denied.

The Motion to Strike the Motion to Dismiss filed by Plaintiff is likewise due to be denied. As an initial matter, the court notes that a motion to dismiss is not the proper subject of a motion to strike. The court recognizes that Fed.R.Civ.P. 12(f) permits the court to "strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, a motion to dismiss is not a "pleading" as defined by Rule 7(a). See Fed.R.Civ.P. 7(a) (narrowly defining "pleadings"). Furthermore, as previously discussed, the Plaintiff's argument that the Motion to Dismiss is due to be stricken due to untimeliness is unavailing as it is clear that Defendant

demonstrated good cause for the delay and Plaintiff has shown no prejudice. Consequently, both the Motion to Strike and for default judgment are due to be denied.

### B. Motion to Dismiss

In the Motion to Dismiss, Roar "prays that the Court will take judicial notice of the prior rulings which have resolved all issues regarding the title to the subject property and issue an order dismissing the Plaintiff's claims." Doc. 6, p. 3. Roar, however, fails to specify which rule of civil procedure forms the basis of dismissal or affirmatively state a defense in the Motion to Dismiss. See Fed.R.Civ.P. 8 & 12. Thus, the Motion should be denied due to the defendant's failure to comply with the Federal Rules of Civil Procedure. For the first time in the Reply to Plaintiff's Response to the Motion to Dismiss, Roar asserts the affirmative defenses of res judicata and collateral estoppel. Doc. 15. This court will not consider arguments raised for the first time in a reply brief. *See, e.g., Tafel v. Lion Antique Invs. & Consulting Servs.*, 459 Fed. Appx. 847, 849 (11th Cir. 2012); *United States v. Georgia Dep't of Natural Resources*, 897 F.Supp. 1464, 1471 (N.D. Ga. 1995); *Sears v. PHP of Alabama*, No. 2:05cv304-ID, at *10 n. 9 (M.D. Ala. April 10, 2006) (unpublished). Because Roar did not present any arguments related to res judicata or collateral estoppel in its Motion to Dismiss, the court will not decide whether the claims or issues are precluded at this time.[1]

---

[1] There are limited circumstances where dismissal by the court *sua sponte* on res judicata grounds is permissible in the interest of judicial economy. *See, e.g., Community State Bank v. Strong*, 651 F.3d 1241, n. 17 (11th Cir. 2011); *Shurick v. The Boeing Company*, 623 F.3d 1114, 1115, 1261 n. 2 (11th Cir. 2010) (*per curiam*); *Flournoy v. McSwain-Holland*, No. 1:11cv522-

## CONCLUSION

Accordingly, it is the

RECOMMENDATION of the Magistrate Judge as follows:

(1) The Motion to Strike and for Default Judgment be DENIED. Doc. 9.

(2) The Motion to Dismiss be DENIED at this time. Doc. 6.

Finally, it is

ORDERED that the parties shall file any objections to the said Recommendation on or before March 16, 2017.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See*

---

WKW, 2014 WL 3893997, at *1 n.2 (M.D. Ala. Aug. 8 , 2014) (unpublished).  The circumstances in this case, however, are distinguishable.  This court, therefore, will not decide this matter on its own.
  To the extent Plaintiff argues that the defendant has waived the affirmative defense by failing to present it in a timely filed answer, his argument is unavailing.  *See* Fed.R.Civ.P. 12(a)(4)(A).

*also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 1st day of March, 2017.

                                    /s/Terry F. Moorer
                              TERRY F. MOORER
                              UNITED STATES MAGISTRATE JUDGE