IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON D. BALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:16-CV-878-WKW |
| | ) | |
| ROAR III, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On March 1, 2017, the Magistrate Judge filed a Recommendation. (Doc. # 18.) On March 14, 2017, Plaintiff Brandon D. Ball filed objections. (Doc. # 19.) On March 16, 2017, Defendant Roar III, LLC filed objections (Doc. # 20) to which Plaintiff responded. (Doc. # 21.)

Plaintiff objects to the Magistrate Judge's conclusion that default judgment is not warranted. However, Plaintiff does not address the Magistrate Judge's finding that the motion for default judgment fails to comply with the requirements of Fed. R. Civ. P. 55. The Magistrate Judge correctly determined that, in light of Plaintiff's failure to show prejudice and Defendant's proffered reasons for the delay, default judgment is not an appropriate sanction for Defendant's two-day delay in filing the motion to dismiss. *Florida Physicians Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) (explaining that courts view defaults "with disfavor

because of the strong policy of determining cases on their merits"). Default judgment is not appropriate under the circumstances of this case because it is a drastic sanction warranted only when a defendant shows a willful pattern of noncompliance and lesser sanctions will not suffice. *Cf. Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542, 1546 (11th Cir. 1993) (discussing the sanction of default under Fed. R. Civ. P. 37(b)(2)(C) and noting that "a court's inherent powers [to issue sanctions] are so potent, they must be exercised with restraint and discretion").

Defendant objects to the Magistrate Judge's conclusion that the motion to dismiss did not adequately raise arguments of res judicata or collateral estoppel. As the Magistrate Judge noted, the motion to dismiss was cursory and contained no legal citations. The motion may have been sufficient to place Plaintiff and the court on notice that Defendant intends to raise those affirmative defenses, but it was not sufficient to present the issues to the court for a ruling. Defendant's reply brief contained legal citations and argument, but, as the Magistrate Judge explained, legal arguments raised for the first time in a reply brief need not be considered. The court's resources are limited and it should not expend its resources considering arguments raised for the first time in a reply brief. Further, the Magistrate Judge's Recommendation does not expressly preclude Defendant from raising its affirmative defenses in a properly argued motion. Thus, the

Magistrate Judge was not placing form over substance; rather, the Magistrate Judge's Recommendation ensures that the merits and substance of the affirmative defenses can be adequately and efficiently considered when the legal arguments are fairly presented and properly argued.

Accordingly, it is ORDERED as follows:

1.      Plaintiff  Brandon D. Ball's objection (Doc. # 19) is OVERRULED.

2.      Defendant Roar III, LLC's objection (Doc. # 20) is OVERRULED.

3.      The Recommendation (Doc. # 18) is ADOPTED

4.      The motion to strike (Doc. # 9) is DENIED.

5.      The motion for default judgment (Doc. # 9) is DENIED.

6.      The motion to dismiss (Doc. # 6) is DENIED.

7.      This case is REFERRED back to the Magistrate Judge for further proceedings.

DONE this 12th day of May, 2017.

/s/ W. Keith Watkins<br>CHIEF UNITED STATES DISTRICT JUDGE