IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **BRANDON BALL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.  3:16-cv-878-WKW-DAB** |
| | ) | |
| **ROAR III, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Brandon Ball, who is proceeding *pro se*, alleges he is the owner of real property located at 327 N. Donahue Drive and 347 N. Donahue Drive, Auburn, Florida.[1]  He sues Defendant, Roar III, LLC, for ejectment from the property on which The Cottages at Donahue were built by Defendant.  (Doc. 1).  Plaintiff also seeks damages in excess of $75,000. This matter is before the court on the Defendant's motion for summary judgment, memorandum in support, and evidentiary submission (Docs. 41, 42, 43), and Plaintiff's response and evidentiary submission in opposition (Docs. 45, 46, 47, 48).  The parties have been afforded an opportunity to fully brief the matter.   For the reasons stated herein, it is the

---

[1] It appears from the pleadings and documents filed the only property at issue is 327 Donahue Drive, Auburn, Alabama.

**RECOMMENDATION** of the undersigned that the motion for summary judgment be **granted**.

## I.     JURISDICTION

This court has diversity of citizenship subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) as to Plaintiff's cause of action.  The parties do not contest personal jurisdiction or venue, and the court finds sufficient information of record to support both.  *See* 28 U.S.C. § 1391.  On December 20, 2017, the above-styled matter was referred to the undersigned for recommendation on all pretrial matters by United States District Chief Judge William K. Watkins.  *See* 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.; *United States v. Raddatz,* 447 U.S. 667 (1980); *Jeffrey S. v. State Bd. of Educ. of State of Ga.,* 896 F.2d 507 (11th Cir. 1990).

## II.     STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In ruling on a motion for summary judgment, the Court construes the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).  However, when faced with a "properly supported motion for summary judgment, [the nonmoving party] must come forward with specific factual

evidence, presenting more than mere allegations." *Gargiulo v. G.M. Sales, Inc.*, 131 F.3d 995, 999 (11th Cir. 1997).

Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Summary judgment may be granted if the non-moving party's evidence is merely colorable or is not significantly probative." *Sawyer v. Southwest Airlines Co.*, 243 F. Supp. 2d 1257, 1262 (D. Kan. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51 (1986)).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. "Essentially, the inquiry is 'whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Sawyer*, 243 F. Supp. 2d at 1263 (quoting *Anderson*, 477 U.S. at 251–52).

## III.   BACKGROUND AND STATEMENT OF MATERIAL FACTS

The parties agree the facts are largely undisputed and a matter of public record. (Docs. 42 at 1; 46 at 1; 47 at 1). The residential development that is located on the real property at issue is known as "The Cottages at Donahue." It is a 10-cottage, 34-bedroom student housing facility located in Auburn, Lee County,

Alabama.  (Doc. 42, ¶ 2).  Prior to construction of The Cottages at Donahue, Kathy Mathews ("Mathews") owned the real property in dispute ("Subject Property"). (Doc. 43-1 at 2–5).  Public records reveal a June 18, 2003 Warranty Deed from James Pollard vesting title in the Subject Property to Mathews. *Id.*

On July 9, 2008, Mathews recorded a quit claim deed conveying a small parcel of real property to her daughter, LaKeshi Robinson ("Robinson"). (Doc. 43-1 at 6–10).  The parcel conveyed by the deed was a 371-square foot parcel of residential property (the "0.0086 Acre Parcel"). *Id.*  The 0.0086 Acre Parcel is unrelated to the Subject Property and is not a part of The Cottages at Donahue.  (Doc. 43-5 at 2).  The 2008 Quitclaim Deed conveying the 0.0086 Acre Parcel was witnessed by Plaintiff's mother, Carolyn A. Ball.  (Doc. 43-1 at 7).  Plaintiff submits that the conveyance from Mathews to Robinson was a gift and that due to a mistake made in the description of the property conveyed, the deed could be reformed to correct the mutual mistake to include the Subject Property as the property that was intended to be gifted by Mathews to her daughter. (Doc. 46 at 11).

In 2009, Donald H. Allen Development, Inc. (DAD) filed a lawsuit to collect a debt arising from a failed real estate deal (unrelated to the Subject Property) against Mathews and others in Lee County, Alabama ("First Case"). (Doc. 43-2 at 2–5).  On May 8, 2012, a verdict was entered in favor of DAD and against Mathews and the other defendants in the amount of $1,500,000 in the First Case.  (Doc. 43-1 at 11).

4

The next day a certificate of judgment for $1,500,000 was recorded in the public records against Mathews and the other defendants. (Doc. 43-2 at 6–8). Upon recording of the judgment lien, the judgment attached to all real property owned by Mathews in Lee County, Alabama, including the Subject Property, pursuant to Alabama Code § 6-9-211 (1975).[2]

On December 14, 2012, the "corrected" copy of the July 9, 2008 quitclaim deed, conveying the 0.0086 Acre Parcel was re-recorded in Lee County. (43-1 at 12–18). The re-recorded deed contained the handwritten note: "this deed is being re-recorded to correct the error in the legal description." *Id.* at 12. A copy of the 2006 deed containing the description of the 0.0086 Acre Parcel was attached as Exhibit "A". *Id.* at 15. A new Exhibit "B" was attached, which was a copy of a 2003 deed which describes the Subject Property. *Id.* at 16–17. The 2012 re-recorded deed makes no mention that the property on Exhibit "B" was being conveyed. *See id.* at 12. The corrected deed was not re-executed or re-notarized. *Id.*

On March 1, 2013, the Lee County Circuit Court served a Writ of Execution on Mathews directing the Lee County Sheriff to sell the Subject Property to the

---

[2] In pertinent part, § 6-9-211 provides:

> Every judgment, a certificate of which has been filed as provided in Section 6-9-210, shall be a lien in the county where filed on all property of the defendant which is subject to levy and sale under execution, and such lien shall continue for 10 years after the date of such judgment.

ALA. CODE § 6-9-211.

highest bidder at a Sheriff's Sale pursuant to § 6-9-149, Code of Alabama. (Doc. 43-2 at 6–8).  On March 6, 2013, Robinson filed a *pro se* "Motion to Intervene" and "Motion to Quash the Writ of Execution." *Id.* at 9–12.  She sought to intervene to contest the Writ of Execution regarding the Subject Property. *Id.* at 10.  In her motion to quash execution of the writ, she asserted as follows: "said property is not owned by Kathy Mathews and is in fact owned by the Movant (Robinson) as shown by a copy of the deeds which is (sic) recorded in the Office of the Judge of Probate of Lee County." *Id.* at 12.

On March 21, 2013, DAD responded to the motion to intervene arguing that the re-recorded deed appears to be a collusive effort of Robinson and Mathews to avoid the property being sold at auction.  *Id.* at 19–20.  DAD further contended that the re-recorded deed did not constitute a valid, legal transfer, and in any event, the corrective deed (even if valid) was not recorded prior to DAD's rights as a judgment creditor accrued.  *Id.* at 20–22.  While her motion to intervene was pending in the First Case, Robinson filed a separate lawsuit on March 25, 2013, against DAD alleging slander of title ("Second Case"). (Doc. 43-3 at 2–4).  The Complaint in the Second Case contained the same allegations asserted in the Motion to Intervene that Robinson, not Mathews, was the owner of the Subject Property and that DAD had slandered and clouded her title by attempting to have the Subject Property sold at a Sheriff's sale.  *Id.*

On April 12, 2013, Mathews filed Chapter 7 bankruptcy in the Middle District of Alabama.  (Doc. 43-4 at 8–13).  Among the debts listed in her Petition was the judgment in favor of DAD against her.  *Id.* at 28.  On the same date, she filed a Suggestion of Bankruptcy in the Lee County circuit court in the First Case.  (Doc. 43-2 at 24).

On April 19, 2013, DAD filed a supplement to its response to Robinson's motion to intervene and quash execution of the writ in the First Case.  *Id.* at 25–29.  DAD argued that even if the 2012 re-recorded deed could be considered a recordable conveyance and even if it constituted a reformation of the 2008 deed, Robinson's entitlement would still be subordinate to the perfected lien of a judgment creditor such as DAD.  *Id.*  In June 2013 DAD sought relief from the automatic stay in bankruptcy court as to the Subject Property.  (Doc. 43-4 at 48–51).  The Bankruptcy Court lifted the stay on July 12, 2013.  *Id.* at 54.

On May 23, 2013, DAD filed a motion to dismiss the Second Case filed by Robinson arguing the issues had already been litigated in the First Case.  (Doc. 43-3 at 5–8).  On August 8, 2013, Robinson filed a response to DAD's motion to dismiss, again arguing that her mother had made a mistake in the 2008 recording and they had corrected that mistake in 2012 by re-recording the corrected deed.  *Id.* at 10–15.  Defendant argues that to be valid the re-recorded deed would have had

7

to have been re-executed by the grantor before a notary public before being re-recorded which was not done here. (Doc. 42, ¶ 30).

On September 16, 2013, a hearing was held in the First Case in which the court heard argument on all pending matters including Robinson's objection to the writ of execution.  (Doc. 43-2 at 59).  On September 23, 2013, Robinson executed a warranty deed purporting to convey her interest in the Subject Property to Brandon Ball ("Plaintiff") in consideration for $25,000.  (Docs. 42, ¶ 32; 43-1 at 24–25).  The deed was recorded in the Lee County public records on September 24, 2013.  (Doc. 43-1 at 24–25).  The market value of the property at the time was $475,000.  (Doc. 43-5 at 4).  Plaintiff was not brought in as a party to either the First or Second Case. Plaintiff alleges that DAD had knowledge of the conveyance of the Subject Property to him, but DAD did not add Plaintiff as a necessary party in either of the cases. (Doc. 46 at 8).

On October 11, 2013, Mathews filed a "Notice to Sheriff" asserting the protection of the bankruptcy court as to any personal or real property.  (Doc. 43-2 at 31).  On the same date, Robinson filed an objection to the writ of execution to which DAD responded stating there was no legal basis for Robinson to object to the Sheriff's sale because she has no interest in the property or, alternatively, any interest she may hold would be subordinate to the judgment lien held by DAD.  *Id.* at 32.

8

On October 15, 2013, DAD filed a supplement to its Motion to Dismiss in the second case, adding a claim for relief under the Alabama Litigation Accountability Act and seeking the recovery of attorneys' fees and costs from Robinson because "the claims of LaKeshi Robinson in this matter are designed totally to unduly and wrongfully delay execution against certain land of a final judgment entered against her mother, Kathy Mathews."  (Doc. 43-3 at 17–19).

On October 15, 2013, DAD filed a "Response to Objection to Writ of Execution" and "Notice to Sheriff" arguing "there is no valid legal basis for … Robinson to object to a Sheriff's sale [because she] either has no interest in the land, or her interest is subordinate to the judgment lien held by DAD."  (Doc. 43-2 at 45–46).

In November and December 2013, Robinson filed motions to quash execution of the writ and objection to the sale of the property in the First Case, essentially making the same arguments previously advanced that she was the rightful owner of the Subject Property and not Mathews.  *Id.* at 47–52, 54–57.  On December 13, 2013, the Circuit Court entered an order in the First Case denying Robinson's motion to intervene and denying her motion to quash writ of execution and objection to Sheriff's sale of property.[3]  *Id.* at 59.  After notice and publication, the Sheriff's sale

---

[3] In support of its denial of Robinson's motions, the court cited ALA. CODE § 35-4-90 (1975) and *Baldwin County Federal Savings Bank v. Central Bank of the South*, 585 So. 2d 1279

9

was conducted December 16, 2013.  (Doc. 43-1 at 20).  The Subject Property was

sold to DAD for $475,000.00 in partial satisfaction of the judgment debt against

Mathews.  *Id.* at 20–23.  On the same date, Robinson filed a motion to set aside the

execution sale.  (Doc. 43-2 at 60–61). On December 19, 2013, Robinson filed an

appeal to the Supreme Court of Alabama. (Doc. 43-7 at 4).  In April 2014, The

Supreme Court of Alabama affirmed the ruling of the Lee County court in the First

Case that DAD had the right to proceed pursuant to the Writ of Execution.  *Id.* at 70.

In the Second Case, the Lee County circuit court granted DAD's motion to

dismiss in June 2014. (Doc. 43-3 at 45). In granting DAD's motion to dismiss and

denying Robinson's motion for injunction, the court found:

> [Robinson's] claim in this case is premised upon her alleged
> ownership of real property described in the Writ of Execution
> issued to DAD pursuant to a judgment entered into against
> Robinson's mother, Kathy Mathews in Case 43-CV-2009-900306,
> on May 8, 2012. This Court denied [Robinson's] Motion to
> Intervene, Objection to Writ of Execution and Verified Motion to
> Quash Writ of Execution on December 13, 2013. The Supreme
> Court reviewed that Order and affirmed this Court's finding that
> DAD's right to proceed pursuant to the Writ of Execution was
> proper pursuant to Alabama Code § 35-4-90 (1975).  The grounds
> for Plaintiff's claim have already been addressed by this Court and
> the Supreme Court on appeal. DAD cannot slander Plaintiff's
> alleged title by enforcing a valid Writ of Execution.

---

(Ala. 1991).  Section 35-4-90 provides in pertinent part that "[a]ll conveyances of real property,
deeds, mortgages, deeds of trust, or instruments in the nature of mortgages to secure any debts
are inoperative and void as to purchasers for a valuable consideration, mortgagees, and judgment
creditors without notice, unless the same have been recorded before the accrual of the right of such
purchasers, mortgagees, or judgment creditors." ALA. CODE § 35-4-90.  Plaintiff's deed was
recorded after DAD's judgment lien was perfected.

*Id.*   The court concluded Robinson's claim of entitlement to the Subject Property was already litigated, and DAD prevailed.  In September 2014, Robinson moved to set aside the court's order. (Doc. 43-3 at 46).  In October 2014 a judgment was entered against Robinson for fees and costs.  (Doc. 43-1 at 34).  On April 13, 2016, DAD conveyed the Subject Property to Defendant Roar III, LLC, for $750,000.  *Id.* at 35.  Thereafter, Defendant undertook to develop The Cottages at Donahue on the Subject Property.  (Doc. 42, ¶ 42).

Plaintiff initiated this action in November 2016 with the filing of a single-count complaint against Defendant.   (Doc. 1). Plaintiff alleges he acquired two parcels of real property by deed of conveyance from Robinson on September 24, 2013.  The addresses of the property are 327 N. Donahue Drive and 347 N. Donahue Drive, Auburn, Alabama.  He alleges that Defendant purportedly acquired the same property from DAD.   Plaintiff told DAD that he was the rightful owner of the property.  He further claims that despite being on notice that he was the owner of the Subject Property, Defendant began site preparation and other work on the property. Plaintiff states that he has never previously been a party to any judicial action in which the ownership of the Subject Property was at issue.  Plaintiff seeks to eject Defendant from the property and to collect rent or value of use due to Defendant's trespass on the Subject Property.

## IV.   DISCUSSION

Defendant moves for summary judgment on Plaintiff's claim arguing the doctrines of *res judicata* and collateral estoppel bar Plaintiff's action.  (Doc. 42).  As commonly recognized by the Supreme Court, "*res judicata* and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication."  *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

In response, Plaintiff contends the prior judgments cannot preclude his claims because he was never a party to any of the prior lawsuits and the issues were not fully litigated.  (Doc. 46).  He argues that DAD knew of Plaintiff's claim of ownership to the Subject Property, but failed to file any motion to add Plaintiff as a party to the state court cases so that the circuit court never had the opportunity to consider the merits of Robinson's, and therefore his, claim.  *Id.* at 8.

### A. *Res Judicata*

*Res judicata* is a doctrine of claim preclusion; it refers to "the preclusive effect of a judgment in foreclosing relitigation of matters that should have been raised in an earlier suit." *Hart v. Yamaha-Parts Distrib., Inc.*, 787 F.2d 1468, 1470 (11th Cir. 1986) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n. 1 (1984)). In considering whether to give preclusive effect to state-court judgments under the principles of *res judicata* or collateral estoppel, federal courts apply the

12

rendering state's law of preclusion.  *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1263 (11th Cir. 2011).

Under Alabama law, "the essential elements of *res judicata* are (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions." *Kizzire v. Baptist Health Sys., Inc.*, 441 F.3d 1306, 1308–09 (11th Cir. 2006) (quoting *Equity Res. Mgmt., Inc. v. Vinson*, 723 So.2d 634, 636 (Ala. 1998)). If a defendant establishes that all four elements are met, any claim that was, or could have been, adjudicated in the prior action is barred from future litigation.  *Kizzire*, 441 F.3d at 1309.

Here, judgments were entered in both the First Case and Second Case by courts of competent jurisdiction.[4]  Thus, the first two elements do not appear to be in dispute.  Plaintiff contends, however, that because he was not a party to the earlier lawsuits, those judgments cannot bind him.  The third element requires "substantial identity of parties."  *Kizzire*, 441 F.3d at 1309. "Substantial identity" under Alabama law requires that the parties be identical or in "privity with a party to the prior action." *Greene v. Jefferson Cty. Comm'n*, 13 So. 3d 901, 912 (Ala. 2008) (quoting

---

[4] Plaintiff does not challenge the jurisdiction of the courts in the prior cases.  Alabama law provides that the Circuit Court of the county where a parcel of real property is located has jurisdiction over disputes concerning the title to real property. *See* ALA. CODE § 6-3-2(b)(1) (1975).

13

*Stewart v. Brinley*, 902 So. 2d 1, 10 (Ala. 2004)).  Privity exists when there is "an identity of interest in the subject matter of litigation." *Id.* (quoting *Stewart v. Brinley*, 902 So.2d 1, 11 (Ala. 2004)). Alabama courts have consistently held that "successors in title are in privity with their predecessors in title." *Williams v. Moore,* 36 So. 3d 533, 540 (Ala. Civ. App. 2008) (citing *Henderson v. Scott*, 418 So.2d 840, 842 (Ala. 1982)); *see Bullock v. Howton*, 168 So. 3d 1270, 1273 (Ala. Civ. App. 2015) (because Howton is Stapler's successor in title, and because Stapler was a party in the first action, privity exists, and the third element of *res judicata* is satisfied). Robinson's successor in title is Plaintiff; DAD's successor in title is Defendant. Privity exists and the element requiring a substantial identity of parties has been met.

The final factor considers whether the same causes of action are present in both actions.  In determining whether the instant action presents the same cause of action as the prior case, Alabama courts look to whether the issues in the two actions are the same and whether substantially the same evidence would support a recovery in both actions.  *Equity Res. Mgmt.*, 723 So. 2d at 637. As the Supreme Court of Alabama has explained:

> [i]t is well-settled that the principal test for comparing causes of action for the application of *res judicata* is whether the primary right and duty or wrong are the same in each action. *Res judicata* applies not only to the exact legal theories advanced in the prior case, but to all legal theories and claims arising out of the same nucleus of operative facts.

*Kizzire*, 441 F.3d at 1309 (quoting *Old Republic Ins. Co. v. Lanier*, 790 So.2d 922, 928 (Ala. 2000)).  The nucleus of operative facts here pertains to the dispute over title ownership of the Subject Property.  Whether Robinson's title in the Subject Property was superior to DAD's was litigated in the prior lawsuits and she lost.  The circuit court of Lee County determined that DAD could lawfully execute on its writ, and judgment was entered in DAD's favor and against Robinson.  The validity of Plaintiff's claim in the instant case rises and falls on the validity of Robinson's claim of title in the prior cases.[5]  Stated another way, the issue of whether title is vested in Robinson, or in her successor, is the same in the prior cases and in the instant lawsuit. The court finds the fourth prong has been met.  For these reasons, it is recommended that Defendant's Motion for Summary Judgment (Doc. 41) be **granted** as the principle of *res judicata* bars Plaintiff's claims.

### B. Collateral Estoppel

Defendant argues collateral estoppel similarly prevents the relitigation of issues already decided in an earlier case.  The precise issue present in the instant case—title ownership of the Subject Property— was litigated in the prior cases. Under Alabama law, "[c]ollateral estoppel applies when (1) the issue in a prior case

---

[5] Of note, even after Robinson had sold the Subject Property to Plaintiff in September 2013, she was still claiming in December 2013 that she was the owner of the Subject Property and not Mathews.  Robinson makes no mention in her December 2013 pleadings that she sold the property to Plaintiff three months prior.  *See* (Doc. 43-2 at 47, 50, 54).

was identical to the issue being litigated in the present action, (2) the issue was actually litigated in the prior action by a court of competent jurisdiction, (3) resolution of that issue was necessary to the prior judgment, and (4) the same parties are involved in the two actions." *Lloyd Noland Found., Inc. v. HealthSouth Corp*., 979 So. 2d 784, 795–96 (Ala. 2007).

Analyzing the first factor, courts consider whether the subsequent suit involves an issue identical to the one actually litigated and decided in the earlier case.  Plaintiff argues the circuit court did not rule on the merits of Robinson's claim of entitlement to the property.  Specifically, he claims, "Defendant cannot present to any portion of the record in the first or second case wherein the trial court ruled on the ultimate issue of whether Mrs. Jackson had a right to correct or reform the deed which conveyed the property to Ms. Robinson." (Doc. 46 at 7). A review of the prior pleadings reveals, however, that Robinson's entitlement to the Subject Property was the precise issue presented and argued to the circuit court and the Alabama Supreme Court by Robinson. She represents in multiple filings that she was the rightful owner of the property based on the corrected deed filed.  These arguments were rejected by the Lee County Circuit Court and the Supreme Court of Alabama.  In the instant case, Plaintiff claims entitlement to the Subject Property based solely on the deed he acquired from Robinson.  The prior courts' conclusions that DAD had superior title to the Subject Property over Robinson is determinative here as to Plaintiff's interest

in the Subject Property because the sole source of his claim to the Subject Property is the deed acquired from Robinson.  Thus, the issues are the same in both cases.

Considering the second and third factors together the issue of title ownership has already been litigated by a court of competent jurisdiction and resolution of the issue was necessary to the final judgment.  The Lee County circuit court found in DAD's favor; the Supreme Court of Alabama affirmed.   Resolution of title ownership was necessary to the determination of the Lee County circuit court case. The issue litigated in the circuit court was whether Robinson (and by extension, Plaintiff) was possessed with any right, title or interest in the subject property. If the court had ruled in Robinson's favor, Defendant would not have been able to acquire title to the property because it only purchased the property from DAD after learning that Robinsons' claims of title had been rejected by the circuit court and appellate courts.  Only after DAD obtained a favorable ruling did it proceed with the sale of the Subject Property to Defendant.

The final factor looks to whether the party to be estopped is the same party or in privity with that party in the earlier case.  "Parties are considered identical when privity exists between a party in the original action and a party in any subsequent action." *Henderson v. Scott*, 418 So. 2d 840, 841 (Ala. 1982).  As discussed above, since Plaintiff was the successor in title to Robinson, he is in privity with Robinson.

17

Similarly, as Defendant is successor in title to DAD, Defendant and DAD are in privity.  *See Williams,* 36 So. 3d at 540. Thus, the final factor has been met.

Based on an application of the above factors, the court concludes that Plaintiff is collaterally estopped from bringing this case and summary judgment is due to be granted in Defendant's favor.

## V.     CONCLUSION AND RECOMMENDATION

The doctrines of collateral estoppel and *res judicata* serve to "promote the efficient allocation of our limited judicial resources, by preventing the unnecessary and pointless relitigation of issues previously adjudicated."  *Jones v. Blanton*, 644 So. 2d 882, 885 (Ala. 1994).  Indeed, the Supreme Court has recognized that *res judicata* and collateral estoppel not only "reduce unnecessary litigation and foster reliance on adjudication, but also promote the comity between state and federal courts that has been recognized as a bulwark of the federal system."  *Allen*, 449 U.S. at 95–96.  The Plaintiff's title ownership of the Subject Property flows directly from Robinson's entitlement, an issue that has been litigated and resolved in the Lee County Circuit Court and Alabama Supreme Court.  Allowing Plaintiff to relitigate the same issue here serves no purpose.

For the reasons as stated, it is the **RECOMMENDATION** of the Magistrate Judge that Defendant's motion for summary judgment (Doc. 41) be **GRANTED**.

## VI.   NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Accordingly, it is hereby **ORDERED** that any objections to the Report and Recommendation shall be filed on or before **May 22, 2018**.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; see also 28 U.S.C. § 636(b)(1).

**Respectfully Recommended** this 8th day of May, 2018.

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

19